# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 1:01CR00059 |
| ) | |
| v.  ) | **OPINION** |
| ) | |
| **JOSEPH ADAM ROUTH,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant.  ) | |

*M. Coleman Adams, Assistant United States Attorney, Roanoke, Virginia, for United States; Nancy C. Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, Joseph Adam Routh, through counsel, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, alleging that his conviction for possessing a firearm while being a convicted felon and unlawful user of a controlled substance is invalid in light of *Rahaif v. United States*, 139 S. Ct. 2191 (2020). The government has opposed the motion. For reasons stated, the motion will be denied.

I.

On November 20, 2001, a jury convicted the defendant of Count One of the Indictment, which charged him with being a felon and unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), (g)(3). On February 4, 2002, this court sentenced him to 188 months imprisonment,

followed by five years of supervised release.  Routh appealed his conviction and sentence, arguing only that the court abused its discretion by "ruling it would admit the results of all of Routh's drug urinalysis tests or none at all," after the defendant sought to introduce only evidence concerning negative tests.  *United States v. Routh*, 46 F. App'x 187, 187 (4th Cir. 2002) (unpublished).  The Fourth Circuit affirmed.  After completing his custodial sentence, the defendant's term of supervised release was revoked on August 16, 2018.  This court then sentenced him to 18 months imprisonment, with no further supervision imposed.  Routh was released from prison on June 3, 2021.

On June 18, 2020, while still incarcerated, the defendant timely filed the present § 2255 motion, arguing that his conviction is void following *Rehaif*.  In *Rahaif*, the Supreme Court held that § 922(g) requires "knowledge of [the] status" that renders firearm possession unlawful.  139 S. Ct. at 2197.  When Routh was convicted in 2001, however, the Fourth Circuit and other courts of appeals had uniformly held that a conviction under § 922(g) did not require the government to prove the defendant *knew* he had been convicted of a crime punishable by more than one year in prison.  *See, e.g., United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995).  Routh contends that his conviction therefore should be vacated on three grounds: (1) the indictment did not allege the knowledge-of-status element; (2) the evidence could not convict him, because the government did not present evidence at

trial proving knowledge of his prohiwbited status (felon and unlawful user of controlled substance); and (3) the court violated his Sixth Amendment right to have a complete verdict by failing to instruct the jury on the knowledge-of-status element.

In response, the government raises two arguments for why his motion should be denied. First, Routh did not sign the motion under penalty of perjury. Second, conceding that *Rehaif* applies retroactively, the government argues that the defendant procedurally defaulted his claim. To overcome the default, a defendant must show cause and prejudice or actual innocence. The government maintains that Routh has failed to make either showing.

The defendant responded, citing *United States v. Gary*, 954 F.3d 194, 201 (4th Cir. 2020), that the *Rehaif* error was "structural," entitling him to vacatur without a showing of actual prejudice. After the parties briefed the motion, the Supreme Court decided *Greer v. United States*, 141 S. Ct. 2090 (2021), which reversed *Gary* and clarified the standard to show prejudice for unpreserved *Rehaif* errors. Supplemental briefing on *Greer* is not necessary to decide this motion because its application is clear.

II.

First, as an initial matter, the government raises the issue that defendant did not personally sign his § 2255 motion under penalty of perjury. The rules require only that a petition be signed under penalty of perjury by the petitioner *or* by a person

authorized to sign it for the petitioner.  28 U.S.C. § 2242; *United States v. Martin*, No. 7:16-cr-25, 2021 WL 3375723, at *2 (W.D. Va. Aug. 3, 2021).  The § 2255 motion was signed by the defendant's counsel, which undoubtedly satisfies the rules.

Second, to state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Generally, defendants cannot collaterally attack a conviction on grounds they failed to raise at trial or on appeal because "a collateral challenge may not do service for an appeal."  *United States v. Frady*, 456 U.S. 152, 165 (1982).  There is an exception.  Where a defendant has procedurally defaulted his claim, the default "may be excused in two circumstances: where a personal attacking his conviction can establish (1) that he is 'actually innocent' or (2) 'cause' for the default and 'prejudice' resulting therefrom."  *United States v. Fugit*, 703 F.3d 248, 253 (4th Cir. 2012) (citation omitted).

In *Rehaif*, the Supreme Court held that in § 922(g) cases, the government must "prove both that the defendant knew he possessed a firearm and that he knew he

belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.  The Court considered in *Greer* whether an unpreserved *Rehaif* error was "plain" or "structural."  There, the defendants Gregory Greer and Michael Gary had separately been convicted of felon-in-possession offenses.[1]  Greer was convicted at trial, in which the jury was not instructed to find that he knew he was a felon when he possessed the firearm; Gary pled guilty and during his plea colloquy, the district court did not advise him that, if he went to trial, the government would have to prove that he knew that he was a felon when he possessed the firearm.

The defendants argued that accepting a guilty plea without being informed of the statute's knowledge-of-status element or being convicted without a jury instruction as to the same is a structural error that requires automatic vacatur.  The Court disagreed, reasoning that such errors do not necessarily render the entire proceeding "fundamentally unfair or an unreliable vehicle for determining guilt or innocence," as required for a structural error.  *Greer*, 141 S. Ct. at 2100 (internal quotation marks and citation omitted).  Rather, such errors "fit comfortably within the general rule that a constitutional error does not automatically require reversal of a conviction," but each defendant must make the requisite showing of prejudice to obtain relief.  *Id*. (internal quotation marks and citation omitted).  Specifically, to

---

[1] *Greer* was a consolidated decision in two cases, *Greer v. United States*, 735 F. App'x 886 (11th Cir. 2019) (unpublished), and *United States v. Gary*, 954 F.3d 194, 201 (4th Cir. 2020).

demonstrate prejudice, a defendant must show "that he would have presented evidence at trial that he did not in fact know he was a felon," and that but-for the error, there is "a reasonable probability that the outcome of the district court proceeding would have been different." *Id.* (internal quotation marks and citation omitted). In so holding, the Court overruled the Fourth Circuit's decision in *Gary*. *Id.* at 2101.

Although *Greer* articulated the threshold to show prejudice for *Rehaif* errors on direct appeal, its holding is nonetheless instructive in the habeas context. *Martin*, 2021 WL 3375723, at *5. In fact, the actual prejudice standard for collateral review is a "significantly higher hurdle than would exist on direct appeal." *Frady*, 456 U.S. at 166. The alleged errors must have "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 170.

Contrary to Routh's argument, he is not entitled to automatic vacatur of his conviction. Rather, to be entitled to relief, he must show cause and prejudice to excuse the default or actual innocence. He can do neither. First, since the defendant has not provided evidence which would have raised reasonable doubt at trial that he was unaware of his prohibited status, or that he lacked notice of the charged offense, he suffered no prejudice from the defective indictment or the government's failure to present evidence of his knowledge at trial. Nor has he asserted that there is a

reasonable probability that the jury would not have convicted him if they had been instructed about the knowledge-of-status element.

In any event, the record clearly establishes that Routh was aware of his status as a convicted felon.[2]  Most notably, on October 5, 1994, Routh was convicted in state court of being a felon in possession of a firearm.  Gov't's Mot. Expand R. Ex. 1, ECF No. 73-1.  Previous felony convictions are substantially probative to prove this element because "a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon."  *Greer*, 141 S. Ct.  2097.  Particularly here, there can be little doubt then that Routh was aware of his prohibited status when his prior conviction was for a felon-in-possession offense.  *United States v. Moore*, 954 F.3d 1322, 1338 (11th Cir. 2020) (finding defendants knew they were felons based on prior § 922(g) convictions).  In April 1999, after release from incarceration, Routh also acknowledged in writing that, as a condition of his parole, he would not "use, own, possess, transport or carry a firearm."  Gov't's Mot. Expand R. Ex. 2, ECF No. 73-2.

The government could easily have proven at trial that Routh knew he was a felon, and there is nothing to suggest that if the indictment or jury instruction had

---

[2]  The government petitioned the court to expand the record, in order to consider evidence from the defendant's earlier 2001 conviction and a separate state-court conviction in 1994 and related proceedings.  The motion was granted.  Order, ECF No. 74.  I will therefore consider this evidence as a part of its prejudice analysis.

included the knowledge-of-status element, the proceedings would have turned out more favorably for the defendant.  Because I find that Routh cannot show prejudice, I do not consider the government's other argument that the defendant failed to show cause. Based on these same facts, the defendant also could not show that he is actually innocent of the felon-in-possession offense.  "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 622 (1998).  The defendant has not claimed that he did not know he was a felon, and thus, this exception does not apply.  But given the evidence of Routh's conduct, as noted above, it is very likely that at least one reasonable juror could have convicted him. Since Routh has not demonstrated actual prejudice or actual innocence, he cannot overcome his procedural default.

## IV.

For these reasons, I will deny the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  A separate order will be entered herewith.

DATED: February 1, 2022

/s/  JAMES P. JONES  
Senior United States District Judge